Kern, Leila R., J.

INTRODUCTION

In Phase I of this litigation, the plaintiff utility companies seek to obtain excess liability coverage from the defendant insurers in connection with the cleanup of environmental contamination at the sites of former manufactured gas plants in Lynn, Salem and Malden. This matter is before the court on the defendants’ joint motion for partial summary judgment pursuant to Mass.R.Civ.P. 56 as to the owned property exclusion and the plaintiffs’ cross motion for summary judgment on that issue. For the reasons discussed below, the defendants’ motion is DENIED and the plaintiffs’ cross motion is DENIED.

DISCUSSION

Each of the policies issued to NEES by Certain London Market Insurers, Home Insurance Company, First State Insurance Company and Midland Insurance Company contains an owned property exclusion. There are minor variations in language, but a representative exclusion states: “(t]his Policy shall not apply ... to damages, direct or consequential, or expenses because of injury to or destruction of property owned by the Assured.”
The environmental engineering firm Haley & Aldrich, Inc. is conducting the investigation and remediation of the Lynn site. The Risk Characterization for the Lynn site identified 33 exposure scenarios, and the estimated cost of eliminating these scenarios is $4,354,000. Mass. Electric purchased nine parcels at the Lynn site for $13 million in connection with its remediation efforts. Haley & Aldrich is also conducting the investigation and remediation of the Malden site, which consists of five parcels that are now designated Parcels A, B, C, D and E. The estimated cost of the Malden remediation is $4.95 million. The investigation and remediation of the Salem site is being undertaken by consultants GEI and Hart Crowser. Area 1 of the Salem site consists of the Keyspan property, a location known as 15 Bridge Street, and 6.8 acres of the MEC property at the site. Area 2 of the Salem site consists of the remaining 12.8 acres of the MEC property, a 55-acre area within Collins Cove, and a 5-acre area within Beverly Harbor. The proposed remedy for the 15 Bridge Street portion of Area 1 is the implementation of an Activity and Use Limitation to prevent unrestricted residential use, at an estimated cost of $20,000. Other remedies for the Salem site are estimated to cost $2.2 million.
The defendants contend that they are not obligated to indemnify the plaintiffs for certain remediation costs identified in the environmental consultant reports because such costs fall within the owned property exclusion. An owned property exclusion excludes costs incurred for the sole purpose of remediating environmental contamination on the insured’s property. Hakim v. Massachusetts Insurers’ Insolvency Fund, 424 Mass. 275, 282 (1997); Rubenstein v. Royal Ins. Co. of America, 44 Mass.App.Ct. 842, 853 (1998). *149 However, coverage is not barred if the cleanup on the insured’s property is designed to remediate, prevent or further abate the migration of contaminants to off-site property, even where the contaminating substances are confined to the insured’s land. Hakim v. Massachusetts Insurers’ Insolvency Fund, 424 Mass. at 279; Rubenstein v. Royal Ins. Co. of America, 44 Mass.App.Ct. at 854. This court rejects the defendants’ argument that groundwater is the insured’s properly for purposes of the owned property exclusion, given the current understanding of groundwater as a shared public resource and the complexities of environmental contamination and cleanup. See Marks v. Lumbermens Mut. Cas. Co., 4 Mass. L. Rptr. No. 9, 180 (Mass.Super.Ct. Oct. 9, 1995) (Cratsley, J.) (owned property exclusion does not bar coverage for cleanup of groundwater beneath insured’s property); United Tech Corp. v. Liberty Mut. Ins. Co., 1 Mass. L. Rptr. No. 5, 99 (Mass.Super.Ct. Oct. 11, 1993) (Murphy, J.) (opining that our appellate courts would not apply owned properly exclusion to contamination of groundwater). See also G.L.c. 21E, §2 (defining“waters of the Commonwealth” to include groundwater).
Here, the summary judgment record reveals a genuine dispute of material fact with respect to whether the specific remedial measures identified by the parties from the environmental consultants’ Phase III and Phase IV reports are necessary to prevent further contamination of groundwater and also third-party property or are necessary solely to remediate on-site contamination.

ORDER

For the foregoing reasons, it is hereby ORDERED that the defendants’ joint motion for partial summary judgment as to the owned property exclusion be DENIED, and that the plaintiffs’ cross motion for partial summary judgment on the defendants’ owned property defense be DENIED.